**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

ROBERT W. GALBRAITH, JR.,

Plaintiff,

v.                                                                No. 1:25 CV 670

BRADY THOMAS, *et al.*,

Defendants.

## OPINION and ORDER

Robert W. Galbraith, Jr., a prisoner without a lawyer, filed a complaint. (DE # 1.)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

Galbraith alleges that an electrical fire occurred at the DeKalb County Jail on

November 19, 2025. The smoke alarms did not sound. Galbraith was in his locked cell

when the fire started. An officer explained that Jail Commander Zack Shifflet could not

find the key to manually unlock the cell doors. Once the key was located, Galbraith was

moved to another unit where inmates of various security classifications were mixed

together, creating a security risk. From there, Galbraith was taken to the Noble County

Jail. Galbraith alleges that Assistant Jail Commander Zack Shifflet and Jail Commander Joshua Carpenter "gave all the commands during the fire" but those "commands were not followed." (DE # 1 at 3.)

As a pretrial detainee, Galbraith is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if, as a result, inmates are denied "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819

(7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Galbraith alleges that Assistant Jail Commander Shifflett could not locate the key to manually unlock the cells for some unspecified amount of time, which caused a delay in removing Galbraith from his smoky cell. He alleges that someone (it is unclear who) made the decision to move inmates to a different unit, which caused inmates of different security classifications to be mixed together. These allegations may amount to negligence, but standing alone, they are not objectively unreasonable under the circumstances.

Galbraith also complains about the medical care he received at both the DeKalb County Jail and Noble County Jail. Medical Care was not offered by the DeKalb County Jail prior to Galbraith's transfer to the Nobel County Jail. Once at the jail, he requested medical care and was seen by a nurse that he describes as rude and unprofessional.[1] Medical care was also not offered by the DeKalb County Jail after he returned from the Noble County Jail. He has suffered panic attacks, seizures, and nightmares he links to the fire. And, while medical care may not have been offered, it appears that Galbraith requested and received medical care as he indicates he has been prescribed medications to treat the symptoms he describes.

---

[1] Galbraith notes that he was charged $15.00 for the medical care he received at the Noble County Jail, but he is not entitled to free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

Because Galbraith is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Galbraith faults the defendants for not proactively offering him medical care both before he was transferred to the Noble County Jail and after his return. He does not, however, indicate that he told any defendant that he needed medical care either before or after his return. Furthermore, it is clear he received medical care both at the Noble County Jail and following his return. Galbraith's allegations do not suggest that

any defendant responded to his medical needs in a manner that was objectively unreasonable.

Galbraith also complains about the manner in which he was processed following his return to the DeKalb County Jail. When Gilbraith returned to the DeKalb County Jail, he was placed in the "drunk tank" to await processing. Once again, he was mixed with inmates of different security classifications. This was not objectively unreasonable under the circumstances. Furthermore, Galbraith does not allege that he was harmed due to the manner processing was conducted upon his return to the DeKalb County Jail.

Galbraith also claims he was retaliated against for filing a grievance about inadequate medical care by being placed on suicide watch. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (citation omitted). Galbraith does not indicate that any defendant named in this action was responsible for the decision to place him on suicide watch. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Galbraith has not described how each

defendant was personally involved in the alleged retaliation, he has not stated a retaliation claim against them.

This complaint does not state a claim for which relief can be granted. If Galbraith believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Robert W. Galbraith, Jr., until **September 9, 2026**, to file an amended complaint; and

(2) **CAUTIONS** Robert W. Galbraith, Jr. that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

<div align="center">**SO ORDERED.**</div>

Date: August 10, 2026

<div align="right" style="margin-right:30%">

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

</div>